UNITED STATES LIGHT & HEAT CORP. v. WALKER.

(Supreme Court, Special Term, New York County.   April 17, 1916.)

1. CORPORATIONS ☞110—STOCK CERTIFICATES—CANCELLATION—COMPLAINT—
SUFFICIENCY.

The complaint averred that a receiver was appointed for a foreign corporation, that a stockholders' protective committee was appointed, that such committee appointed defendant its counsel, that plaintiff corporation was organized with the advice of such committee and its counsel, defendant becoming its chairman, that the committee submitted to plaintiff an offer to assign to it the property of the foreign corporation in return for the issue of stock by plaintiff, that it was agreed that, after the issue of stock to the shareholders of the foreign corporation, the remainder of plaintiff's stock should be retained in its treasury, and defendant's compensation settled upon a reasonable basis by agreement between plaintiff and defendant, that defendant, using his position as counsel to the committee and chairman of plaintiff's board of directors without authority, caused a large number of the shares of stock to be issued to himself, and that plaintiff was ready to pay defendant a fair compensation, closing with a prayer that such compensation be fixed and defendant required to surrender the stock illegally issued to him.  *Held* that, if defendant illegally secured the issuance of shares of stock, a *court of equity has jurisdiction to compel him to surrender same, and so the complaint stated a good cause of action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 461; Dec. Dig. ☞110.]

2. CORPORATIONS ☞110—STOCK  CERTIFICATES—CANCELLATION—NECESSARY
PARTIES.

In such case, as the acts of defendant were against plaintiff, and as defendant's compensation was to be paid by plaintiff, the shareholders' reorganization committee was not a necessary party.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 461; Dec. Dig. ☞110.]

Action by the United States Light & Heat Corporation against Guy M. Walker.  On demurrer to the complaint.  Plaintiff's motion for judgment granted, with leave to defendant to answer on payment of costs.

Olcott, Gruber, Bonynge & McManus, of New York City (Wm. M. K. Olcott and T. B. Chancellor, both of New York City, of counsel), for plaintiff.

Reed, Gwinn & Deming, of New York City (Horace E. Deming and Harold S. Deming, both of New York City, of counsel), for defendant.

NEWBURGER, J.  [1] The plaintiff, a New York corporation, in its complaint alleges: That on or about July 23, 1914, a receiver was appointed of the United States Light & Heating Company, a Maine corporation.  That thereafter a stockholders' protective committee was appointed, and that such committee appointed the defendant its counsel, and that subsequently the plaintiff corporation was organized by and with the advice of said committee and its counsel, and the defendant became its chairman.  That said committee then submitted to the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff an offer to assign the property of the Maine corporation in return for the issue of certain stock by the plaintiff. The complaint further alleges it was agreed that after the issue of the stock to the stockholders of the Maine corporation the remainder of the plaintiff's stock should be retained in its treasury, and that the defendant's compensation should be settled upon a reasonable basis by agreement between the plaintiff and the defendant; that the defendant, using his position as counsel to the committee and chairman of the plaintiff's board of directors, without authority and unlawfully, caused to be issued to himself 5,000 shares of the preferred and $32,500 of the common stock of the plaintiff; and that the plaintiff is ready and willing to pay the defendant such compensation as may be determined to be reasonable and fair. The prayer for relief asks that such compensation be fixed and that the defendant be directed to surrender the stock so illegally issued to him.

The defendant has demurred to the complaint upon the grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that there is a defect of parties defendant. A careful reading of the complaint discloses a good cause of action against the defendant. The acts complained of were against the plaintiff, and if it be true that the defendant, without authority, issued to himself certain stock, then a court of equity has the undoubted power to grant relief.

[2] The acts of the defendant were against the plaintiff, and, as the compensation to the defendant was to be paid by the plaintiff, I cannot conceive of any interest that the reorganization committee had or may have in the matter; therefore they are not necessary parties to this action.

Motion for judgment granted, with leave to defendant to answer upon payment of costs. Settle order on notice.